UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHAN RYTOV, | Case No.: 26-cv-2954-JES-JLB |
| Petitioner, | |
| v. | **ORDER GRANTING PETITION** |
| CHRISTOPHER LAROSE, Senior Warden, Otay Mesa Detention Center, | **[ECF No. 5]** |
| Respondent. | |

Before the Court is Petitioner Stephan Rytov's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"), filed on May 22, 2026. ECF No. 5 ("FAP"). Pursuant to the Court's order to show cause, Respondents filed a return on May 29, 2026. ECF No. 6 ("Return"). Petitioner also filed a Traverse. ECF No. 10 ("Traverse"). For the reasons set forth below, the Court **GRANTS** the Petition.

## I. BACKGROUND

Petitioner is a citizen of Russia who entered the United States on August 25, 2025, and was immediately detained. FAP at 2. He has been detained ever since. *Id.*

Petitioner has applied for asylum. *Id.* An asylum officer made an initial positive assessment in Petitioner's case. *Id.* Petitioner was then placed in removal proceedings. *Id.*

1

On April 8, 2026, an immigration judge ("IJ") ordered Petitioner removed. *Id.* at 3. Petitioner filed an appeal, which remains pending. *Id.*

## II.   LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, challenges to immigration-related detention are within the purview of a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

## III.   DISCUSSION

Petitioner argues that he has been subjected to unconstitutionally prolonged detention and is entitled to an individualized bond hearing. FAP at 3. In the Return, Respondents argue that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(1), and that Petitioner's detention is not unconstitutionally prolonged. *See generally, Return*. The Court addresses these arguments below.

The Court agrees that Petitioner was detained at the border and has not been granted any form of parole, so Respondents have the authority to detain him under § 1225(b). Return at 5. However, the Court disagrees that no due process violation can therefore arise, as Respondents claim. Respondents essentially argue that § 1225(b) provides no limitation on the length of detention and that the statute provides all the due process that the petitioner is owed. *Id.* This position has been called into question by the Ninth Circuit:

26-cv-2954-JES-JLB

> We have grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so. Arbitrary civil detention is not a feature of our American government. "[L]iberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). Civil detention violates due process outside of "certain special and narrow nonpunitive circumstances." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (internal quotation marks and citation omitted).

*Rodriguez v. Marin*, 909 F.3d 252, 256-57 (9th Cir. 2018) (alteration in original). Indeed, numerous district courts have found that prolonged mandatory detention at some point will raise due process considerations. *See Maksin v. Warden, Golden State Annex*, No. 1:25-CV-00955-SKO (HC), 2025 WL 2879328, at *3 (E.D. Cal. Oct. 9, 2025) ("Several courts including the Third, Sixth, and Ninth Circuit, as well as numerous district courts, have found that unreasonably long detention periods may violate the due process clause." (collecting cases)); *Abdul-Samed v. Warden of Golden State Annex Det. Facility*, No. 1:25-CV-00098-SAB-HC, 2025 WL 2099343, at *6 (E.D. Cal. July 25, 2025) ("[E]ssentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process.") (internal citation omitted); *Kydyrali v. Wolf*, 499 F. Supp. 3d 768, 772 (S.D. Cal. 2020) ("[T]he Court joins the majority of courts across the country in concluding that an unreasonably prolonged detention under 8 U.S.C. § 1225(b) without an individualized bond hearing violates due process."). Respondents' contention that *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 207–09 (1953), governs here because Petitioner was detained at a point of entry is similarly unavailing. *See* Mot. at 6. As a number of courts have explained in similar cases, *Mezei* is distinguished by the national security concerns present in that case. *See Xie v. Larose*, No. 3:26-CV-01116-RBM-MMP, 2026 WL 836351, at *3 (S.D. Cal. Mar. 26, 2026) (analyzing the Supreme Court's reasoning in *Mezei* and collecting cases). Further, even Respondents recognize in their return that district courts within this Circuit have found a potential due process

26-cv-2954-JES-JLB

violation to arise when the detention has become too prolonged. *See id.* at 8-10 (citing *Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022) and analyzing factors).

"Neither the Ninth Circuit nor the Supreme Court have provided guidance regarding the point at which an immigration detainee's prolonged mandatory detention becomes unconstitutional." *Amado v. United States Dep't of Just.*, No. 25-CV-2687-LL(DDL), 2025 WL 3079052, at *5 (S.D. Cal. Nov. 4, 2025). Thus, district courts within this Circuit have employed similar but slightly varying tests. In the *Lopez* case cited by Respondents, the court employed a test with three factors to decide when mandatory detention under § 1226(c) becomes unconstitutionally prolonged: "the total length of detention to date, the duration of future detention, and the delays in the removal proceedings caused by the petitioner and the government." 631 F. Supp. 3d at 879. In *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1118 (W.D. Wash. 2019), the district court considered the following six factors in the § 1225(b) context: "(1) the total length of detention to date; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal." Other courts have simply applied the generalized *Mathews v. Eldridge*, 424 U.S. 319 (1976), procedural due process test. *See Henriquez v. Garland*, No. 22-cv-869-EJD, 2022 WL 2132919, at *5-6 (N.D. Cal. June 14, 2022).

The Court finds it most appropriate to apply the *Banda* test to Petitioner's detention here under § 1225(b), as other courts within this district have done in the past.[1] *See, e.g.*, *Amado*, 2025 WL 3079052, at *5 (applying 6-factor *Banda* test to mandatory detention under § 1225(b)); *Kadir v. LaRose*, 25-CV-1045-LL-MMP, 2025 WL 2932654 (S.D. Cal. Oct. 15, 2025) (same); *Gao v. LaRose*, No. 25-CV-2084-RSH-SBC, 2025 WL 2770633, at

---

[1] Even though the Court does not employ the *Lopez* test as Respondents cite, the Court notes that the *Lopez* factors are a subset of the *Banda* factors. Based on a discussion of the *Banda* factors below, the Court would reach the same conclusion even if it were to consider solely the *Lopez* factors because it finds the first two *Lopez* factors to weigh in favor of Petitioner and the last factor to be neutral.

26-cv-2954-JES-JLB

*4 (S.D. Cal. Sept. 26, 2025); *Sadeqi v. LaRose*, No. 25-CV-2587-RSH-BJW, 2025 WL 3154520, at *3 (S.D. Cal. Nov. 12, 2025).

The first *Banda* factor, the length of detention, is "the most important factor." *Banda*, 385 F. Supp. 3d at 1118. Petitioner has been detained since late August of 2025, just over 9 months prior to the writing of this order. FAP at 6. While this factor itself is not dispositive, the length now is within the range such that this factor should weigh in favor of Petitioner. *Amado*, 2025 WL 3079052, at *5 ("Courts have found detention over seven months without a bond hearing weighs toward a finding that it is unreasonable" (citing cases) and finding detention of thirteen months to weigh in favor of the petitioner); *Sadeqi*, 2025 WL 3154520, at *3 (though "almost 12 months" detention was not dispositive, finding it to weigh in favor of petitioner); *Gao*, 2025 WL 2770633, at *5 ("The Court finds that Petitioner's detention for over 10 months without a bond hearing, in the context of the specific circumstances described above, has become unreasonable and violates due process."); *Tonoyan v. Andrews*, No. 1:25-CV-00815-SKO (HC), 2025 WL 3013684, at *4 (E.D. Cal. Oct. 28, 2025) ("Petitioner has been detained approximately 11 months. This period . . . qualifies as prolonged."); *Gonzalez v. Bonnar*, No. 18-cv-05321-JSC, 2019 WL 330906, at *3 (N.D. Cal. Jan. 25, 2019) ("In general, '[a]s detention continues past a year, courts become extremely wary of permitting continued custody absent a bond hearing.'") (citation omitted). Thus, this first and most important factor weighs in favor of Petitioner.

The second *Banda* factor is the likely duration of future detention, and considers "anticipated duration of all removal proceedings—including administrative and judicial appeals." *Banda*, 385 F. Supp. 3d at 1119. Here, Petitioner's case is currently on appeal to the BIA. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 108 (2020) ("The usual removal process involves an evidentiary hearing before an immigration judge, and at that hearing an alien may attempt to show that he or she should not be removed. . . . If that claim is rejected and the alien is ordered removed, the alien can appeal the removal order to the Board of Immigration Appeals and, if that appeal is unsuccessful, the alien is generally entitled to review in a federal court of appeals."). These appeals can take a long

26-cv-2954-JES-JLB

time. *See Banda*, 385 F. Supp. 3d at 1119 (finding appeal of removal order with the BIA and review in the Ninth Circuit may take up to two years or longer). Petitioner's position is just as likely to lead to further prolonged detention as the *Banda* petitioner, where there was a final removal order from an IJ and he had just filed an appeal to the BIA. *See id.* The *Banda* court concluded that this factor favored the petitioner under those circumstances, and the Court finds the same here.

The third *Banda* factor is regarding the conditions of detention. "The more that the conditions under which the noncitizen is being held resemble penal confinement, the stronger his argument that he is entitled to a bond hearing." *Banda*, 385 F. Supp. 3d at 1119 (citation omitted). Courts have recognized that the conditions in local detention centers are "indistinguishable from penal confinement." *See Kydyrali*, 499 F. Supp. 3d at 773; *Amado*, 2025 WL 3079052, at *6. The Court finds that this factor also weighs in favor of Petitioner.

The fourth and fifth *Banda* factors look to the nature and extent of any delays in the removal proceedings caused by the petitioner and then the government respectively. *Banda*, 385 F. Supp. 3d at 1119-1120. Here, neither party argues any particular delay attributable to the other. FAP at 8; Return at 8. Thus, the Court finds that both of these factors are neutral.

The sixth *Banda* factor looks to the likelihood that the removal proceedings will result in a final order of removal. *Banda*, 385 F. Supp. 3d at 1120 ("In other words, the Court considers whether the noncitizen has asserted any defenses to removal."). Here, Petitioner has had a positive credible fear finding, and is involved in the appeals process for an order of removal. *See* FAP at 2. The Court is in no position to judge the likelihood of success of Petitioner's case, thus the Court finds this factor neutral.

In summary, at least three of the six factors weigh in favor Petitioner, with the other factors being neutral. Accordingly, the Court concludes that Petitioner's detention of over nine months to date under § 1225(b) has become unreasonable and due process requires the Government to provide him with an individualized bond hearing at this time.

26-cv-2954-JES-JLB

## IV.  CONCLUSION

For the reasons discussed above, the Court **GRANTS** Petitioner's ("the non-citizen") writ of habeas corpus, and **ORDERS** as follows:

(1)     The Court **ORDERS** the government to provide the non-citizen with an individualized bond determination hearing within **fourteen days** of this Order.[2]

    a. At the hearing, the government **SHALL BEAR** the burden of establishing by clear and convincing evidence that the non-citizen is a danger to the community or a flight risk if released.

    b. The IJ **SHALL** consider alternative conditions of release and the non-citizen's ability to pay bond if he or she determines bond is appropriate.

    c. The government **SHALL** make a complete record of the bond hearing available to the non-citizen.

(2)     The government is **ORDERED** to File a Notice of Compliance within **five days** of providing the non-citizen with the bond hearing, including apprising the Court of the results of the hearing.

The Clerk of Court is **ORDERED** to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: June 2, 2026

Honorable James E. Simmons Jr.
United States District Judge

---

[2] In *Sandesh v. LaRose*, this Court analyzed the due process requirements of a bond hearing for an individual subject to prolonged detention under § 1225(b). No. 26-CV-0846-JES-DDL at Dkt. 13 (S.D. Cal. Mar. 5, 2026). The Court incorporates by reference its analysis there regarding the below due process requirements. *See also Sadeqi*, 2025 WL 3154520, at *4 (citing *Singh*, 638 F.3 at 1203 and *Martinez v. Clark*, 124 F.4th 775, 785-86 (9th Cir. 2024)); *Kadir*, 2025 WL 2932654, at *6 (granting relief that followed the *Singh* standard).